**Fahmi Obadi Ghaleb AL HAIKI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Fahmi Obadi Ghaleb Al Haiki, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 04–76593, 05–74155.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed June 1, 2007.

Jeffrey Martins, Esq., Law Offices of Jeffrey Martins, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, SILER *, and HAWKINS, Circuit Judges.

MEMORANDUM **

Al–Haiki petitions this court for review of the Board of Immigration Appeals's decision rejecting his asylum application as untimely and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We deny the petition for review.

Petitioner failed to file his asylum application within one year of entering the country. He now argues that his untimely filing should be forgiven because "exceptional circumstances" barred him from applying at an earlier date. *See* 8 U.S.C. § 1158(a)(2)(D) (allowing aliens to file untimely asylum applications in the case of extraordinary circumstances). 8 C.F.R. § 1208.4(a)(5) provides a non-exhaustive list of extraordinary circumstances sufficient to merit relief. Petitioner concedes that the facts of his case fall outside the enumerated circumstances but argues that he nonetheless qualifies for relief. In order to be deemed "extraordinary," the relevant circumstances must: 1) not be intentionally caused by the immigrant through his action or inaction; 2) be directly related to the failure to meet the one year deadline; and 3) be reasonable under the circumstances. *Id.*

Here, petitioner's failure to file a timely application was caused by his own inaction: he could have filed an application for asylum at any time within his first year in the country; however, he chose to wait more than three years before filing his application. Although there was an administrative delay in the handling of his application for an extension of visitor status, petitioner was not impeded from proceeding with his asylum application during this time. Thus, he cannot establish "extraordinary circumstances" as the term is defined by 8 C.F.R. § 1208.4(a)(5).

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Nor can petitioner establish that the Board erred in denying his applications for withholding of removal and relief under CAT. The Board's decision is supported by substantial evidence, and petitioner has not provided the court with any reason to think that his return to Yemen will more likely than not result in persecution or torture. Consequently, the petition for review is:

**DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.